## THE STATE v. SANDERS, *Appellant.*

### DIVISION TWO.

1. **Practice:** ELECTION OF SPECIAL JUDGE: QUALIFICATION OF VOTERS. In order to disqualify an attorney to vote at an election of a special judge to try a cause, upon the ground that he is counsel in the case, it must be shown that he was counsel in the case at the time the election was held.

2. **Domicile.** Mere absence from the state, without an intention of making a residence elsewhere, will not effect a change of residence.

3. ———: SPECIAL JUDGE, QUALIFICATION OF. The removal of an attorney to another state, and his remaining there a year, will not disqualify him to act as special judge in a cause, where it is not shown that his intention was to change his residence from this state to that.

4. **Practice:** SPECIAL JUDGE. A special judge, elected to hold an entire term of court, because of the inability of the regular judge for any cause to do so, is a judge of the court within the meaning of the Revised Statutes, 1879, section 1877, and, in case of his disqualification to try any particular criminal cause, a special judge may be elected for that purpose, either upon the application of the defendant (sec. 1878) or upon an order of the court without an application (sec. 1880).

5. ———: ———. A judge selected to hear a particular case cannot be denominated a judge of the court within the meaning of Revised Statutes, 1879, section 1877.

6. ———— : CHANGE OF VENUE. A defendant in a criminal cause is not entitled to a second change of venue because of the prejudice of the judge, although the first was ordered by the court of its motion.

7. ———— : BILL OF EXCEPTIONS. The action of the trial court in over-ruling a motion for new trial, on the ground of the disqualification of certain jurors, will not be reviewed in the supreme court, where the evidence taken in regard to their qualification was not preserved in the bill of exceptions. Unauthenticated affidavits cannot be considered for such purpose.

8. ———— : VENUE. The venue is a fact to be proved as any other material allegation, and must be determined by the jury under proper instructions of the court. It need not be proved by direct and positive evidence, but it is sufficient if it can be reasonably inferred from the facts and circumstances proved

9. ———— : ALIBI : INSTRUCTION. It is not error to refuse an instruction upon the subject of an *alibi*, where the jury were told they should acquit, unless they found from the evidence that defendant was present at the place of the crime and believed him guilty beyond a reasonable doubt.

10. ———— : FELONIOUS ASSAULT : EVIDENCE. On a trial for felonious assault, by shooting from ambush, evidence of a previous difficulty between the parties, and that the defendant had had the prose-cuting witness arrested, is admissible to show the state of feeling between the parties, and to prove the motive for the assault.

11. ———— : DEFENDANT AS WITNESS : INSTRUCTION. An instruction to the effect that the jury may believe the evidence of the defendant, if corroborated, and disbelieve it if contradicted, is erroneous, but the error will be harmless where defendant's testimony was corroborated by other witnesses and was undisputed.

*Appeal from the Ozark Circuit Court.*—W. J. ORR, ESQ., Special Judge.

AFFIRMED.

*Love & Plattenburg* for appellant.

(1) An attorney who has been of counsel is not a legal voter; and, although there may have been more than three attorneys qualified to vote, voting at such election, said illegal vote may have changed the result

of the election. R. S. 1889, sec. 3323. (2) W. J. Orr had not the necessary qualifications of a circuit judge. Const. 1875, art 6, sec. 26; R. S. 1879, sec. 1107. (3) A continuance should have been granted defendant on application of W. A. Love, who was the only counsel of defendant at the time, and who was unable to attend to and prepare for the trial on account of sickness. Kelley's Criminal Practice (1876), top p. 167, marg. p. 317. (4) The application for a change of venue should have been granted. R. S. 1879, secs. 1877, 1878; *State v. Shipman*, 93 Mo. 147. (5) The court erred in admitting testimony as to previous suits, especially those in which Stoneman was not an interested party. They were incompetent and irrelevant. (6) A new trial should have been granted on the affidavit of Miller and others, as the juror Dye, in his counter-affidavit, does not positively deny having the conversations, and while a juror on the Caulder case was evidently preparing to be a juror on this case. *State v. Burnside*, 37 Mo. 343; *State v. Wyatt*, 50 Mo. 309; *State v. Taylor*, 64 Mo. 358. (7) Instruction, numbered 1, as asked by defendant, should have been given. The only defense was an *alibi*, and this should have been presented to the jury in plain and concise language. *State v. Lewis*, 69 Mo. 92; *State v. Johnson*, 16 Mo. App. 556. (8) Instruction, numbered 2, should have been given. The evidence, though not admissible, should have been cured as much as possible by the court. (9) Instruction, numbered 3, as given by the court of its own motion, should not have been given. R. S. 1879, sec. 1918; *State v. Maguire*, 69 Mo. 197; *State v. Zorn*, 71 Mo. 415; *State v. Sanders*, 76 Mo. 35; *State v. Maginnis*, 76 Mo. 326; *State v. Cook*, 84 Mo. 41. (10) Instruction, numbered 5, as given by the court, should not have been given. *State v. Rockett*, 87 Mo. 666; *State v. Lewis*, 69 Mo. 93. (11) Instruction, numbered 6, as given by the court, should not have been given. While in the first part it negatives

the idea that the indictment is evidence, it also declares that it is a fact and circumstance given in evidence. (12) The court erred in not granting a new trial, because of the improper remarks of attorney for the state in his closing argument. *State v. Mahly*, 68 Mo. 315. (13) There is no venue laid in this case. It was error to convict the defendant unless the offense was proven to have been committed in Ozark county, which fact the state failed to prove. *State v. McGrath*, 73 Mo. 181; *State v. Hughes*, 71 Mo. 633; *State v. Wheeler*, 79 Mo. 366; *State v. Young*, 99 Mo. 284.

*John M. Wood*, Attorney General, for the State.

(1) There is no record of the filing of any bill of exceptions in this cause; there is, therefore, nothing but the record proper before this court for review, there being no bill of exceptions for consideration in this cause. *Roester v. Bank*, 88 Mo. 565; *Dinwiddie v. Jacobs*, 82 Mo. 195, and cases cited. (2) The special judge, William Monk, was properly elected to hold said term of court, the regular judge being unable to hold said term. R. S. 1889, sec. 3323; *State v. Hosmer*, 85 Mo. 553. (3) Said Judge Monks, having been of counsel in said cause, properly ordered an election of a special judge to try said cause, and the said Special Judge Orr was duly elected. Secs. 4175, 4177. On the record proper in this case the judgment should be affirmed.

MACFARLANE, J.—Defendant was indicted, tried and convicted in the circuit court of Ozark county for a felonious assault upon James Stoneman, by shooting him with a rifle from ambush while in his field gathering corn. Stoneman, the prosecuting witness, testified that he saw and recognized defendant immediately after the shooting at the place from which he saw the smoke of the gun. Defendant undertook to prove that he was

elsewhere when the shooting occurred. The assault was made in the morning between eight and twelve o'clock, and it was shown that defendant arrived on horseback at Rockbridge, six miles away, at about eleven o'clock, not later, and was seen on the road about ten o'clock. His whereabouts between eight and ten was not shown.

The case was tried at the October term, 1889, of the Ozark county circuit court. The judge of the court being unable to hold the term, an election was held under the provisions of section 1107, Revised Statutes, 1879, and William Monks, Esq., was elected special judge, who, having been duly qualified, proceeded to discharge the duties of circuit judge for the term.

The special judge, being disqualified to sit in this case, by reason of having been of counsel therein, ordered an election of a special judge for the trial; an election was held and W. J. Orr, Esq., elected. The record recites the holding of the election, and that more than three attorneys were present and voted, who were not of counsel in the case ; that "W. J. Orr was elected special judge, who took the oath of office and qualified as such special judge." After the election, defendant filed written objections to W. J. Orr as special judge, giving two reasons : *First*, that one of the attorneys voting at the election has been of counsel in the case, and, *second*, because W. J. Orr has not been a voter in the state for the period of three years. On the hearing of these objections, it was agreed that J. L. Davis was prosecuting attorney at the time the indictment was found by the grand jury, and voted in the election of special judge, and that more than three attorneys not of counsel voted besides Mr. Davis, and "that W. J. Orr has resided in Missouri since February, 1856, until November, 1884, when he moved to Oregon, and returned to this state in November, 1885, and has resided here ever since."

I.   The statute ( R. S. 1879, sec. 1878 ) authorizes the judge of the court, when himself disqualified to sit in a case, "by an order of record to empower the members of the bar present, to the number of three or more, duly enrolled in said court and licensed attorneys of this state, and not of counsel in the case, to proceed to the election of a special judge for the trial of the particular cause pending." The record shows, and it was admitted, that the requisite number of lawyers, having the proper qualification to constitute a legal election, were present. The record does not show for whom Mr. Davis voted, nor that the result was changed by his vote. Moreover, the agreed statement does not show that he was counsel in the case when the election was held, which is necessary to a disqualification under the statute. Whether it would be competent to go behind the record to inquire into the qualifications of those voting at an election held under this statute, it is not necessary to decide. Neither is there force in the objection that the special judge was not qualified to act, for the reason that his residence in this state was insufficient. Without stopping to inquire whether the qualification of a circuit judge, as required under section 1107, applies to the special judge provided for under section 1878, it is sufficient to say that neither the record nor the agreed statement shows that the special judge lost his residence in this state, It does not appear that when he "moved" to Oregon his intentions were such as to change his residence from this state to that. A mere absence from this state without an intention of making his residence elsewhere did not effect a change of residence. *Scoville v. Glasner,* 79 Mo. 449.

II.   After the election and qualification of the special judge, defendant filed a petition and affidavit for a change of venue alleging that the special judge was so prejudiced against him that he could not have a fair and impartial trial. The petition was denied.

The right to a change of venue in such cases is entirely of statutory regulation. Unless some authority was given by the statute for the change here demanded, none existed. The statute (sec. 1877) provides that "when any indictment or criminal prosecution shall be pending in any circuit or criminal court, the judge of said court shall be deemed incompetent to hear and try said cause," for the reasons therein specified, a special judge may be elected for the trial of the particular case. It will be seen that, by the terms of the statute, the right to the change is confined to cases in which the judge of the court is disqualified. A special judge elected to hold an entire term of court, when the judge thereof, from any cause, shall be unable to do so, is a judge of the court within the meaning of the statute above quoted, and, in case of his disqualification to hear any particular criminal case, a special judge may be elected for the purpose of hearing such case upon the application of defendant as provided by section 1878, or upon the order of the court without an application as provided by section 1880. *State v. Shipman*, 93 Mo. 148. We do not think a judge selected to hear a particular case could be denominated a judge of the court within the meaning of the statute.

The statute makes provision for but one change whether made on the application of the defendant, or by the court on its own motion. Section 1877 designates the grounds upon which changes may be granted, and sections 1878 and 1880 provide the manner in which they may be effected. In the case of the *State v. Anderson*, 96 Mo. 247, it was held that only one change could be taken on the application of defendant, and the decision is put upon the express ground that the statute makes no provision for a second. The reason applies with equal force in case one change for the causes specified in section 1877 is ordered by the judge without an application by the defendant. Our conclusion is

that defendant was not entitled to a second change, though the first was ordered by the court on its own motion. This conclusion is strengthened by the care required by the law that the judge elected shall be unprejudiced and disinterested, and by the special oath to be taken by him to try the cause "without fear, favor or partiality."

III. Objections were made, on motion for a new trial, to the qualification of certain jurors, but the evidence taken in regard to their qualification was not preserved in the bill of exceptions, and we have nothing before us but some unauthenticated affidavits which cannot be considered. In order that matters of evidence may be reviewed by this court, they should be preserved by bill of exceptions.

IV. It is insisted that the evidence fails to prove that the offense charged was committed in Ozark county. It is true no witness testified directly to the fact that the assault was made in that county, but "it is not necessary that the venue be proved by direct and positive evidence. It is sufficient if it can be reasonably inferred from the facts and circumstances proven." *State v. Hill*, 96 Mo. 358; *State v. Burns*, 48 Mo. 438; *State v. West*, 69 Mo. 404.

The venue is a fact to be proved as any other material allegation, and must be determined by the jury, under proper instructions of the court, from all the facts and circumstances in evidence. The instructions of the court required the jury to find, as a fact, that the offense was committed in Ozark county before they could find defendant guilty. We think the evidence sufficient to justify the necessary finding of the jury on this fact.

V. Defendant asked the court to instruct the jury that they should acquit the defendant if they had a reasonable doubt whether he was present at the time and place of the assault. This the court refused but gave in lieu thereof the following: "Unless you find

and believe from all the facts and circumstances given in evidence the presence of defendant at the place of the alleged assault, and his guilt beyond a reasonable doubt, you should acquit." We think this instruction sufficiently covered the defense of *alibi* and rendered the one asked unnecessary.

VI. The following evidence of Stoneman, the prosecuting witness, was objected to by defendant on the ground of irrelevancy: "There had been ill feeling between Sanders and myself for some time. Previous to this I caught Sanders rolling logs in my road. I said, 'I've caught you at it,' he said, 'yes, I will tell you what I am doing this for.' I said, 'I don't want to hear now, I want you to go to my house,' then I said, 'I want you to go to Kirkland's with me.' He said, that just suited him. After we went I told Kirkland what Sanders had been doing, rolling logs in road; had been doing me dirt; had sweet potatoes stolen; dog poisoned; cow shot; hog poisoned. He said he did not poison my hog or dog, neither denied nor acknowledged stealing my potatoes. I then proposed that if he would let me alone I would let him alone. We agreed, but shortly after had me arrested; I was acquitted." We think the evidence admissible to show the state of feeling existing between the parties, and as supplying a motive for the assault. *State v. Forsythe*, 89 Mo. 672.

VII. In regard to the credibility to be given the defendant's testimony the court gave the following instruction: "The court instructs the jury, that the defendant is a competent witness in his own behalf, and in passing upon his testimony you may take into consideration the fact that he is the defendant, but you are not at liberty to disregard his testimony on the ground that he is the defendant, but may believe or disbelieve his testimony according as you find the same corroborated or contradicted by the other facts and circumstances given in evidence." The statute makes a defendant, prosecuted for a crime, a competent witness in his own

behalf, but the fact that he is the person on trial " may be shown for the purpose of affecting the credibility of such witness." R. S. 1879, sec. 1918. The law places no other infirmity upon his evidence. In other respects he stands as any other witness, and has the right to have his testimony estimated by the jury for what they may regard it worth, though entirely uncorroborated and directly contradicted. *State v. Banks*, 73 Mo. 592; *State v. Palmer*, 88 .Mo. 572. The instruction was clearly faulty in telling the jury in effect that they might believe his evidence if corroborated and disbelieve it if contradicted. In view of the issues and the evidence given by defendant, we regard the error as entirely harmless. The defense was that the assault was made after ten o'clock in the morning, and at that time the defendant was on his road to Rockville, three or four miles away.

Defendant's testimony was as follows : " I went to Rockbridge on the day on which Stoneman was shot. It was about nine o'clock when I left home. I went down to the mouth of the Pease hollow and up Bryant to Rockbridge. I saw Riley and talked with him. I did not notice what time it was when I got to Rockbridge. I traded some with Mrs. Morris before I saw By. Morris." Riley testified that he saw defendant on the road to Rockville and three or four miles from the place of the assault about ten o'clock, and witness Morris and wife testified that he was in Rockbridge before eleven o'clock which was six miles from the place the crime was committed. No other witness contradicted these. The evidence of defendant then was not only corroborated by these witnesses, but the facts testified to by him were undisputed. In view of these corroborations the instruction in effect advised the jury that they should believe his evidence, and they may well have done so, and still found him guilty. No injury could have resulted to defendant from this instruction. The jury evidently believed, and were justified by the

evidence in believing, that the crime was committed at an earlier hour than ten o'clock.

No error which could have been prejudicial to defendant being found upon the record, the judgment is affirmed.   All concur.