## THE STATE v. E. L. BROWN, Appellant.

**Division Two, February 2, 1909.**

**INSTRUCTION: Defendant as a Witness: Interest in Result.**
Where defendant was guilty of obtaining property under false
and fraudulent representations if the State's only witness was
to be believed, and was not guilty if defendant was to be be-
lieved, and the case narrows itself down to a question of verac-
ity between the two, the court did not err in instructing the
jury that "the defendant is a competent witness in his own
behalf and you may consider his testimony, but in determin-
ing what weight and credit you will give his testimony, you may
take into consideration the fact that he is the defendant on
trial and interested in the result of the trial." The instruction
did not in effect tell the jury to ignore defendant's testimony.

Appeal from Butler Circuit Court.—*Hon. J. C.
Sheppard,* Judge.

AFFIRMED.

*Abington & Phillips* for appellant.

Defendant was a competent witness in his own
behalf and had the right to have his testimony con-
sidered by the jury, and the authority given the jury
in the State's instruction 5 to render a verdict with-
out considering defendant's testimony was error.
State v. Austin, 113 Mo. 539; State v. Sanders, 106
Mo. 196.

*Herbert S. Hadley,* Attorney-General, and *F. G.
Ferris,* Assistant Attorney-General, for the State.

(1)  The information is sufficient in form and
substance.   State v. Vandenburg, 159 Mo. 230.   (2)
The instructions fully and fairly covered all the ques-
tions of law arising in the case which were necessary
for the information of the jury in giving their verdict.

State v. Scott, 48 Mo. 422; State v. Sarony, 95 Mo. 349. And the court having fully and properly instructed the jury, did not commit error in refusing other instructions requested by defendant. State v. Barrington, 198 Mo. 106; State v. Campbell, 210 Mo. 229.

FOX, J.—This appeal on the part of the defendant is from a judgment of conviction for obtaining property under false and fraudulent representations, rendered in the Butler Circuit Court.

On the 17th day of February, 1908, there was filed in the office of the clerk of the circuit court of Butler county, Missouri, in vacation of said court, transcript of a preliminary examination in this cause. Subsequently, on the 24th day of February, 1908, in vacation of said court, the prosecuting attorney of said county filed an information against the defendant, substantially charging that the defendant, at said county, on or about the 21st day of December, 1908, did feloniously, designedly, knowingly and fraudulently, with the intent then and there to cheat and defraud one J. S. Kochtitzky falsely pretend, represent and state to said Kochtitzky, that he, the said Brown, had completed certain work under a contract, which entitled said Brown to receive from said Kochtitzky the sum of $75; and the said Kochtitzky, believing said representation and being deceived thereby, was induced, by reason thereof, to pay and deliver to said Brown a certain check of the value of $30, as part payment for said work.

At the April term, in the circuit court of said county, the defendant appeared and waived formal arraignment and entered his plea of not guilty, whereupon the trial of the cause proceeded.

We shall not undertake to set out in detail the testimony developed upon the trial of this cause. It is conceded by learned counsel for appellant that the tes-

timony of the prosecuting witness tended to establish the charge as embraced in the information. As indicating the nature and character of the proof upon which this cause rests we quote from the brief of the appellant now before us. They say: ''This case depended upon the testimony of two witnesses for its final determination by the jury; one of these witnesses was the prosecuting witness Kochtitzky; the other was the defendant. If the testimony of Kochtitzky was to be believed, the defendant was guilty as charged in the information, and the verdict of the jury was warranted. If, on the other hand, the defendant was to be believed, and if the facts recited by him as a witness were true, then he was entitled to an acquittal at the hands of the jury. The trial of the cause, as is shown by the record, resolved itself into a question of veracity between the prosecuting witness, Kochtitzky, and the defendant Brown, and the weight to be given to the testimony of each.''

This commendable, frank statement as to the proof in this cause is sufficient to enable us to determine the only legal proposition involved.

At the close of the evidence the court instructed the jury and the cause was submitted to them and they returned a verdict finding the defendant guilty as charged and assessed his punishment at imprisonment in the penitentiary at a period of two years. A timely motion for new trial was filed by the court and overruled. Sentence and judgment was entered of record in accordance with the verdict and from this judgment defendant prosecuted this appeal, and the record is now before us for review.

## OPINION.

The record in this cause discloses but one assignment of error, which is thus stated by learned counsel

216 Sup—23

for appellant: "The court erred in giving the State's instruction numbered 5 to the jury, which is as follows:

"The court instructs the jury that the defendant is a competent witness in his own behalf and you may consider his testimony, but in determining what weight and credit you will give his testimony, you may take into consideration the fact that he is the defendant on trial and interested in the result of the trial."

Manifestly the complaints of the appellant are narrowed down to within a very small compass. It is insisted that the court committed error in giving the instruction as heretofore indicated. It is earnestly argued that with the testimony of the prosecuting witness on the one side and the defendant upon the other trembling evenly in the balance, the court should not have given the directions to the jury which are embraced in the instruction complained of.

After a full and careful consideration of the complaint so earnestly and ably urged by counsel for appellant against this instruction, as well as a careful review of the adjudications by this court applicable to that subject, we see no escape from the conclusion that there was no error in the giving of that instruction. The cases in this court in which substantially the same instruction has been approved are so numerous that we feel there is no necessity for citing authorities. In fact it is conceded by counsel for appellant in their brief that there are cases in this State that have been affirmed by this court wherein instructions similar to the one herein criticised have been given by the trial court. It is not subject to the criticism made by counsel in which it is said that this instruction in effect told the jury to ignore the testimony of the defendant. It expressly told the jury that the defendant was a competent witness; that they might consider his testimony, but in determining what weight and credit you will give his testimony, you

may take into consideration the fact that he is the defendant on trial and interested in the result of the trial. Manifestly this is but the usual and ordinary instruction which has repeatedly met the approval of this court.

An examination of the cases of State v. Austin, 113 Mo. 538, and State v. Sanders, 106 Mo. 188, will demonstrate that the language employed in the instructions in those cases was materially unlike the instruction in the case at bar, and that the ruling in those cases falls far short of supporting the contention urged in the case now before us. It is significant that in neither of those cases did the court undertake to overrule prior decisions in which instructions substantially the same as the one now under consideration were approved. The simple fact that the prosecuting witness testifies to one state of facts and the defendant to another, furnishes no reason why the court should not give the usual and ordinary instruction which had so uniformly met the approval of this court, informing the jury that in determining the weight to be attached to the defendant's testimony they were authorized to take into consideration the fact that he is the defendant testifying in his own behalf, as well as his interest in the result of the trial.

Unless we are willing to overrule the repeated adjudications by this court upon this subject it must be held that the action of the court in the giving of this instruction was entirely proper. We see no valid, legal reason for departing from the well-settled rules applicable to this subject. With this conclusion the judgment of the trial court should be affirmed, and it is so ordered.

All concur.