STATE of Missouri, Plaintiff-Respondent,

v.

Leonard Edward REYNOLDS, Defendant-Appellant.

No. 35623.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 10, 1974.

Neal P. Murphy, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant, Leonard Edward Reynolds, appeals from a judgment of conviction entered on a jury verdict of guilty by the Circuit Court of the City of St. Louis, Missouri. The jury found him guilty of burglary second degree, § 560.045, RSMo 1969, V.A.M.S., and the court, pursuant to § 556.280, RSMo 1969, V.A.M.S., sentenced defendant to serve six years in the custody of the Missouri Department of Corrections. For reversal, defendant has raised three claims of error; however, we find no merit in his claims, and, accordingly, affirm the judgment.

On January 21, 1973, the apartment of Miss Sharon Pettypool was burglarized. Taken from her home was a television set, numerous record albums, and items of personal clothing. At the time of defendant's arrest these items, which were later identified as Miss Pettypool's property, were found in the trunk of defendant's automobile. On the front seat of the automobile, the police also found three screwdrivers, a dent puller, and a pair of gloves.

A neighbor, after noticing a suspicious car in Miss Pettypool's driveway, called the police, described the automobile and the two occupants, and gave the license number of the car to the police. Within minutes, the radio dispatcher put the information on the air and it was subsequently heard by Officer Lanier, who confronted the defendant and his companion.

At trial, on direct examination Officer Lanier testified, in reference to the screwdrivers, the dent puller, and gloves, that he had discovered burglary tools. Defendant's objection that this statement by Officer Lanier was a conclusion was overruled.

For his defense defendant testified that, at the time of the occasion, he was at a party attended by three other persons, whom he called as his witnesses. On direct examination each witness was supportive of defendant's testimony. However, on cross-examination two of the witnesses somewhat vacillated as to whether or not the particular party was in January or February 1973. In any event, the court refused to give defendant's proffered correct instruction on alibi.

Addressing ourselves to defendant's claim of error pertaining to Officer Lanier's statement that he had discovered burglary tools, we find, under the circumstances presented herein, the statement not to be prejudicially erroneous. Here, a neighbor immediately reported to the police the presence of a suspicious looking car in the Pettypool driveway and gave to them the license number of the car. Shortly thereafter, Officer Lanier received, by radio, the license number and a description of a 1966 Oldsmobile occupied by two young blacks. After placing the defendant and his companion under arrest, a search of the car revealed the stolen property and the other items described as burglary tools. While we agree that the statement was a conclusion, however, on at least two other occasions that same statement was made without objection. On the second occasion defendant himself used the same terminology during the course of cross-examination in a question asked of Officer Lanier. In answer to his question, once again without either an objection or a motion to strike, Officer Lanier gave the same answer.

Therefore, we rule this point against defendant.

■ Defendant's second question poses a knottier problem. First, in our judgment, the fact that some of defendant's witnesses were somewhat doubtful as to defendant's alibi is no good reason for the court to have refused defendant's proffered correct instruction on the issue of alibi. Because a defendant is entitled to an instruction on alibi even if the preponderance of the evidence opposes it. The evidence is sufficient, though weak, if it casts a reasonable doubt over the defendant's participation. State v. Howell, 100 Mo. 628, 14 S.W. 4, 14–15 (1890); State v. Taylor, 118 Mo. 153, 24 S.W. 449, 451 (1893). Here, defendant's testimony alone entitled him to an instruction on alibi, if offered in a correct form. Consequently, it was error for the court to refuse to so instruct the jury, State v. Reeder, 395 S. W.2d 209, 211 (Mo.1965). See State v. Webb, 423 S.W.2d 795, 797 (Mo.1968); see also State v. Bobbitt, 228 Mo. 252, 128 S.W. 953, 954 (1910) where the state was required to give a correct instruction thereon even if form tendered by defendant was incorrect.[1]

■ Recognizing the possible error for the refusal of the court to instruct on alibi, the state argues that the refusal of the proffered alibi instruction was not prejudicial. State v. Sanders, 106 Mo. 188, 17 S. W. 223, 224 (Mo.1891). Because instruction number three (3) required the jury to find beyond a reasonable doubt that (1) the offense was committed, (2) the defendant was present at or near the scene, and (3) the defendant knew of the unlawful purposes, the state urges that instruction number three (3) fairly covered the defense of alibi, State v. Peters, 123 S.W.2d 34, 37 (Mo.1939).

In the Peters case, the court held that instructions to the jury to acquit the defendant, unless they found from all the facts and circumstances in evidence beyond a reasonable doubt the presence of the defendant at the place of the alleged crime at the time thereof sufficiently covered the defense of alibi. See also State v. Shelton, 223 Mo. 118, 122 S.W. 732, 738 (1909); State v. Sanders, supra. Here, as in the Peters, Shelton and Sanders cases, instruction number three (3) required the jury to find defendant present at the place and time of the commission of the offense beyond a reasonable doubt.

While we believe instruction number three (3) comes within the guidelines as set out by our supreme court, we do not recommend such a back door practice by the court especially where a defendant has affirmatively proffered a correct instruction in support of his defense. Yet, in accordance with Rule 26.02(6), V.A.M.R., the trial court instructed the jury on all questions of law necessary for their guidance in returning a verdict. So, while we hold the refusal of the court to submit defendant's tendered defense to have been error, under the circumstances contained herein the error was not reversibly erroneous.

Finally, defendant complains that the court erroneously permitted the state to overstep the bounds of propriety in its final argument to the jury. In particular defendant argues that the court should not have allowed the prosecutor to explain to the jury the difference between burglary first and second degree since the court had previously instructed them as to the law of the case.

■■ Argument of counsel rests within the sound discretion of the trial court, State v. Smith, 431 S.W.2d 74, 84 (Mo. 1968); State v. Harris, 351 S.W.2d 713, 716 (Mo.1961). And, unless the trial court abuses its discretion by permitting argument calculated either to mislead or to prejudice or to conflict with other instruc-

---

1. MAI–CR 3.20 effective January 1, 1974, mandates that the two alibi instructions in the 3.00 series must be given but only if requested. But our case was submitted prior to the effective date of the MAI–CR instructions; hence they have no application.

tions, the reviewing court will not intervene. See Hartley v. Steiman, 408 S.W.2d 81, 82 (Mo.1966); Moss v. Mindlin's, Inc., 301 S.W.2d 761, 766 (Mo.1957). The explanation made by counsel in attempting to differentiate between first and second degree burglary was in no way calculated to mislead the jury or to prejudice the defendant. Nor, do we find that the distinction was in conflict with any instruction given by the court. Consequently, we find no error in the respect claimed, State v. Turnbough, 497 S.W.2d 856, 860 (Mo.App. 1973).

Judgment affirmed.

SIMEONE, P. J., and GUNN, JJ., concur.