STATE of Missouri, Respondent,

v.

Clifton FRANKLIN, Appellant.

No. 40717.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 11, 1979.

Appellant's Pro Se Motion for Suspension or Modification of Rules Denied Dec. 7, 1979.

Application to Transfer Denied Jan. 15, 1980.

John Ashcroft, Atty. Gen., Paul R. Otto, Peter T. Sadowski, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

Robert C. Babione, Public Defender, Joseph Webb, Asst. Public Defender, St. Louis, for appellant.

DOWD, Presiding Judge.

A jury found appellant guilty of murder first degree and robbery first degree by means of a dangerous and deadly weapon §§ 559.007, R.S.Mo.Supp.1975, 560.120 and 560.135, R.S.Mo.Supp.1975. He was sentenced to life imprisonment for the murder conviction and twenty-five years on the robbery conviction. This appeal follows.

At approximately 8:00 p. m. on May 28th 1976, David Green was returning to his home at 4821 Blair in St. Louis. After entering his house Green noticed three men, one of whom was appellant, in his backyard. Green asked the men what they wanted and one replied that he was looking for his brother, Paul Brown. Green stated that he had not seen Paul Brown since earlier that afternoon. Green then walked to Arthur Johnson's house at 4823 Blair to ask him if he knew where Paul Brown was. While Green was talking with Mr. Johnson in his doorway the three men with whom Green had spoken earlier forced their way around Green and into Johnson's house. The appellant asked Johnson and the guests he was entertaining, if they wished to purchase some jewelry. They said that they did not.

The appellant, armed with a pistol, instructed everyone to get down on the floor and give him their money. All of the victims complied except one of the guests, a Mr. Williams. The appellant shot Williams as appellant and his two accomplices made their exit out of the back door.

Shortly thereafter police officers arrived. Their investigation resulted in the discovery of Williams' body, his wallet and checkbook, and two spent shell casings from an automatic pistol. The officers also found a green Torino automobile parked near Arthur Johnson's house. The automobile was later found to be registered in the name of defendant's wife, Olivia Franklin.

The appellant was arrested and returned to this jurisdiction from Terre Haute, Indiana.

Appellant's first point on appeal is that the trial court erred by refusing to submit to the jury appellant's requested instructions on the defense of alibi. The appellant offered his own testimony and the testimony of one of Arthur Johnson's guests, Ms. Schmidt, as evidence of his alibi.

Appellant testified that his wife picked him up from work at approximately 4:30 p. m. and took him home where he bathed and changed clothes. His wife then drove him downtown and left him at the corner of 20th and Franklin Streets at about 6:30 p. m. In further support of his alibi appellant stated that he did not drive his wife's car the night of May 28th, 1976 and that he did not know Fred Williams, the deceased, nor had he seen any of the witnesses against him prior to the date of trial.

Appellant also offered Ms. Schmidt's testimony that she did not recognize the appellant in the courtroom and that she had never seen him before the date of trial.

Appellant contends that this evidence is sufficient to support an instruction to the jury on alibi. This court does not agree. While it is the rule that one is entitled as a matter of right to an instruction on alibi if requested, no instruction will be given in the absence of supportive evidence that defendant was in a place other than the place where the crime occurred during the entire time of its commission.

State v. McLane, 55 S.W.2d 956, 958 (Mo. 1932); Missouri Bar Committee Comments on MAI–CR 3.20, Alibi III. The evidence of alibi must be sufficient to give rise to reasonable doubt in the mind of the average juror as to defendant's presence at the scene of the crime. State v. Howe, 343 S.W.2d 73, 75 (Mo.1961); State v. Reynolds, 517 S.W.2d 182, 184 (Mo.App.1974).

The sufficiency of the evidence warranting submission to the jury of an instruction on alibi is a question of law for the courts. State v. Frisby, 204 S.W. 3, 4 (1918). While the sufficiency of the evidence depends on the particular facts of each case, it is generally held that appellant's testimony alone is sufficient to support an instruction on alibi. State v. Slay, 406 S.W.2d 575, 579 (Mo.1966); State v. Cox, 508 S.W.2d 716, 719–720 (Mo.App. 1974).

In the case at bar, however, appellant has offered no evidence of his whereabouts during the murder and robbery which took place at the Johnson residence the evening of May 28th, 1976. The appellant has not even offered his own testimony as to his location at the time the crime was committed. The only evidence offered was the appellant's statement that he was on the corner of 20th and Franklin at 6:30 on the evening of the incident. The time of the shooting and robbery has been established by other testimony at approximately 10:45 p. m. This time table would have given the appellant ample time to make his appearance at Arthur Johnson's house. The appellant has presented no evidence that he was elsewhere during this entire time period.

In each of the cases upon which the appellant relies evidence of the defendant's whereabouts during the commission of the crime was presented. State v. Slay, 406 S.W.2d 575, 579 (Mo.1966); State v. Simon, 375 S.W.2d 102, 105 (Mo. banc 1964); State v. Taylor, 118 Mo. 153, 158–159, 24 S.W. 449–450 (1893); State v. Howell, 100 Mo. 628, 649, 651, 14 S.W. 4, 10 (1890); State v. Tolliver, 562 S.W.2d 714, 720 (Mo.App.1978); State v. Reynolds, 517 S.W.2d 182, 183 (Mo. App.1974). On the basis that the appellant

in the instant case has offered no such evidence this case is distinguished from the cases relied on. The trial court did not err in refusing to submit the appellant's requested instructions. *State v. Pettis*, 522 S.W.2d 12, 18 (Mo.App.1975); *State v. Robinson*, 507 S.W.2d 61, 65 (Mo.App.1974). Point one is ruled against the appellant.

Appellant also contends that the trial court erred by allowing Joseph Burns, a detective, to testify that he returned the appellant to Missouri from the county jail in Terre Haute, Indiana. Appellant argues that this testimony allowed the jury to infer that he was in custody in Indiana for offenses other than the one for which he is being tried and that such inference caused prejudice in the minds of the jury sufficient to deprive him of due process and equal protection as guaranteed by the United States and Missouri Constitutions.

■ Appellant has not referred this court to any case which has held it to be reversible error to admit the time and place of arrest into evidence. In his brief, defendant cites *State v. Degraffenreid*, 477 S.W.2d 57 (Mo.1972) for the maxim that "error in the admission of evidence should not be declared harmless unless it is so without question." While this court agrees with the quoted portion of the *Degraffenreid* opinion we find it inapplicable in the case at bar. The circumstances attending arrest are admissible and may be considered by the jury on the issue of the defendant's guilt or innocence. *State v. Hands*, 260 S.W.2d 14, 20 (Mo.1953); *State v. Harris*, 325 S.W.2d 352, 358 (Mo.App.1959). The arresting officer's testimony that he apprehended the defendant in Terre Haute, Indiana coupled with the appellant's own statement that he knew the police were looking for him is relevant to the issue of flight. *State v. Dupree*, 477 S.W.2d 129, 132 (Mo.1972). The fact of flight, as a circumstance attending arrest, is held to be proper evidence for the consideration of the jury. *State v. Wilkins*, 100 S.W.2d 889, 895 (Mo.1936); *State v. Campbell*, 533 S.W.2d 671, 675 (Mo.App.1976).

■ We agree with appellant that the fact that he was arrested by Missouri au-

thorities while in another jurisdiction's county jail is not particularly relevant to the issue of his guilt or innocence of the present offense. We find no error, however, in the admission of such testimony. The arresting officer did not refer to any crimes collateral to the one with which appellant was charged. It appears as probable that the jury could have inferred that he was in county jail for the present offense. *State v. Taylor*, 408 S.W.2d 8, 10–11 (Mo.1966). If the jury did infer collateral crimes such inference could have been the result of the appellant's own testimony. Appellant testified on direct examination that he had been convicted of stealing. He admitted on cross examination that he had served sentences for stealing on at least four different occasions.

In view of these facts and circumstances we are of the opinion that no error resulted from the admission of the arresting officer's testimony into evidence.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.