Clifton FRANKLIN, Movant,

v.

STATE of Missouri, Respondent.

No. 54269.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 27, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 9, 1988.

Application to Transfer Denied
Dec. 13, 1988.

The credibility of witnesses is for the motion court's determination. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986).

In addition, the rule specifies that a successive motion shall not be entertained "where the ground presented is new but could have been raised in the prior motion...." Rule 27.26(d). Here, the court found that movant knew about the plea offer early enough for it to have been raised in a prior motion. The findings of the motion court are not clearly erroneous. *See* Rule 27.26(j).

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.

Beverly A. Beimiek, St. Louis, for movant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant appeals from the denial of his second Rule 27.26 motion after an evidentiary hearing. The defendant was tried and convicted of first degree murder and robbery. He was sentenced to life plus 25 years, to be served concurrently. His conviction was affirmed on direct appeal. *State v. Franklin,* 591 S.W.2d 12 (Mo.App. 1979). The denial of his first Rule 27.26 motion was affirmed on appeal. *Franklin v. State,* 655 S.W.2d 561 (Mo.App.1983). There was a federal habeas corpus proceeding which was also denied. *Franklin v. White,* 803 F.2d 416 (8th Cir.1986).

Movant alleges in this 27.26 motion that he was denied effective assistance of counsel by reason of counsel's failure to convey the State's plea offer to movant. The court denied movant's motion because it simply did not believe him when he said counsel had not conveyed the plea bargain to him.