STATE of Missouri,
Plaintiff-Respondent,

v.

Daniel E. KIMBALL,
Defendant-Appellant.

No. 12064.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 29, 1981.

Motion for Rehearing Overruled and to
Transfer to Supreme Court Denied
Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

John D. Ashcroft, Atty. Gen., Steven H. Akre, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Loren R. Honecker, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted of first degree robbery and sentenced to 50 years imprisonment.

Defendant was charged with robbing Curtis Hardin, an employee at a King Oil Company service station, located at 807 Kearney, Springfield, Missouri. On November 5, 1978, a man entered, pointed a sawed-off shotgun at Hardin's head and threatened to shoot him. The man was wearing a blue cap pulled down to the eyebrows. He was there several minutes and took cash in Hardin's custody. Hardin could not "positively" identify defendant as the robber but said he looked like him except that defendant was not blue-eyed. Hardin earlier had not identified defendant as the robber at a police department lineup. Defendant signed a statement admitting that he entered the service station and committed the robbery but at trial denied that he had done so. He said that he had signed the statement because he was told

by the police that if he would his brother-in-laws would be released from police custody. He did not say where he was at the time of the robbery.

His first two points and the facts related to them are identical to the points raised by defendant and denied in *State v. Kimball,* 620 S.W.2d 29 (Mo.App. 1981), and *State v. Kimball,* 613 S.W.2d 932 (Mo.App. 1981). We believe the previous decisions correct and deny those points.

Defendant's third point contends that the trial court erred in refusing to submit MAI-CR 2d 3.20 because the evidence "tended to establish the defenses of alibi and misidentification in that appellant denied his responsibility for the offense involved and the evidence tended to suggest that the offense was committed by another." The Notes on Use for this instruction state: "1. This instruction must be given if requested in the manner provided in Rule 20.2 [now Rule 28.02] unless MAI-CR 3.22 is requested by defendant." Instruction 3.22 was not requested.

■ Instructions in the 3.00 Series shall be given where applicable if properly requested. Rule 28.02(a). Failing to give an instruction in violation of this Rule or any applicable Notes on Use shall constitute error. Rule 28.02(e). Alibi instructions are not to be given unless there is evidence that defendant was in a place other than where the crime occurred during the entire time of its commission. *State v. Franklin,* 591 S.W.2d 12, 14 (Mo.App. 1979). There was no such evidence here. However, MAI-CR 2d 3.20, although denoted as an "alibi" instruction, does not mention alibi in its body and may be applicable for other defenses. See *State v. Quinn,* 594 S.W.2d 599, 605 (Mo. banc 1980).

There is no wording in the instruction that would require independent evidence of defendant's whereabouts. The first paragraph instructs the jury on the burden of proof as to defendant's presence and the second paragraph is in a converse form that would not require evidence of where defendant was to support it. Some of the instructions in the 3.00 series require that

the instructions be "supported by evidence". MAI-CR 2d 3.26; 3.28; 3.30.1; 3.30.2; 3.68; 3.74. The absence of any such requirement in the Notes on Use for Instruction 3.20 indicates that evidence of defendant being elsewhere when the crime was committed is not needed if the instruction is otherwise applicable.

■ The first paragraph of the instruction tells the jury "One of the issues is whether the defendant was present at the time and place the offense is alleged to have been committed." Defendant's presence was an issue here. There was no evidence that more than one person was responsible for the robbery or that anyone else was present at the time other than the robber and the victim. Defendant denied that he was the robber and attempted to show that the robber was a person he knew who had blue eyes and the same general physical description as defendant. As defendant's presence was an issue here, and the instruction was requested, it should have been given.

Having determined that it was error not to give the instruction, we must now determine its prejudicial effect. Rule 28.02(e). A conviction should only be reversed when the defendant has been prejudiced by instructional error. *State v. Cullen,* 591 S.W.2d 49, 52 (Mo.App. 1979). To determine if the omission of an instruction was prejudicial error, we consider the facts and all of the instructions together. *State v. Bellah,* 603 S.W.2d 707, 710 (Mo.App. 1980).

This was not a complicated case. Defendant did not question that the crime had occurred. His only contention was that he did not commit it. In the submission instruction the jury was told that they must find beyond a reasonable doubt that defendant took property from Curtis Hardin against his will, by causing him to fear immediate injury to his person, and that defendant took the property with intention to permanently deprive Hardin of it. If they did not believe beyond a reasonable doubt "each and all of the foregoing" then

they must find defendant not guilty. In MAI-CR 2d 2.20 they were informed that defendant was presumed innocent and the state had the burden of proving beyond a reasonable doubt that the defendant was guilty, and if the evidence left a reasonable doubt in their minds, then defendant must be found not guilty. They were told in a converse instruction that "If you do not find and believe from the evidence beyond a reasonable doubt that the defendant, Daniel E. Kimball, took United States currency from Curtis Hardin, you must find the defendant Daniel E. Kimball not guilty". Under the instructions and evidence he could not have been guilty unless he was present. We think it is clear from the instructions given that the jury knew the state had the burden of proving beyond a reasonable doubt that defendant was present and that if there was a reasonable doubt about his presence he should be found not guilty. Thus, we believe the failure to give MAI-CR 2d 3.20 was not prejudicial. See *State v. Reynolds*, 517 S.W.2d 182, 184 (Mo.App. 1974), Point three is denied.

Defendant's fourth point contends that the trial court erred in sentencing him as a second offender under §§ 556.280 and 556.290, RSMo 1969 (since repealed). The basis for defendant being so sentenced was a conviction for burglary of a grade school in the state of Washington. Section 556.290 provided that for an offense committed in another state to make § 556.280 applicable, the offense must be one "which, if committed in this state, would be punishable by the laws of this state by imprisonment in the penitentiary". Defendant was charged with breaking and entering the school "with intent to commit a crime therein", it "being a place where articles were kept for use." Defendant contends that breaking into a school house is a misdemeanor under § 560.090, RSMo 1969 (since repealed). He also acknowledges that *State v. Barton*, 379 S.W.2d 562 (Mo.1964), held that a schoolhouse may constitute a building under the burglary statute. That case upheld a felo-

ny conviction for burglarizing a school building. See also *State v. Fleming*, 528 S.W.2d 513, 516 (Mo.App. 1975). We believe that the charge defendant was convicted of in Washington would necessarily have been a felony in Missouri. The misdemeanor statute was designed to protect school or church property against trespassers who might enter upon a building for camping or other purpose not in itself criminal. *State v. Fleming*, supra, 528 S.W.2d at 516. Section 560.070, RSMo 1969 (since repealed), provides that one who breaks and enters a building under facts not constituting first degree burglary, in which there are goods or other valuable things, with intent to steal or commit any crime shall be adjudged guilty of burglary in the second degree. It is a misdemeanor if someone breaks and enters upon a school building with no intent to commit a crime therein, whereas, burglary is committed if there is intent to commit a crime beyond the breaking and entering. Defendant pled guilty and was convicted of breaking and entering into a building where articles were kept for use "with intent to commit a crime therein". Therefore, in Missouri he would be guilty of burglary which would be punishable by imprisonment in the penitentiary. § 560.095, RSMo 1969 (since repealed). Defendant was properly sentenced as a second offender under § 556.280, RSMo 1969 (since repealed). Point four is denied.

The judgment is affirmed.

HOGAN and BILLINGS, JJ., concur.