STATE of Missouri,
Plaintiff-Respondent,

v.

Eugene L. ROBINSON,
Defendant-Appellant.

No. 47401.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 2, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

---

Debra Buie Arnold, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

The state charged and jury found prior felon defendant Eugene Robinson guilty of two offenses: Concealing a firearm (Count I), a felony under Section 571.070 RSMo., and possessing marijuana (Count II), a misdemeanor under Section 195.020 RSMo. The trial court sentenced defendant to ten years in prison on the weapon charge and a $100 fine on the narcotic charge. We treat the points separately.

The evidence: Pursuant to an anonymous tip officers stopped defendant's car, arrested and searched him. They found a .25 caliber pistol in defendant's "groin area, right at the back part of his groin area, right at the back part of his stomach up against the rear of his belt, inside his pants." The gun was cocked and loaded. The police could not see the gun's outline in his jeans.

Defendant's companion was his only witness. He testified to the arrest and search but denied seeing any gun.

At trial defendant did not object to the officer's statement he'd found defendant was carrying a concealed weapon. He now contends the trial court erred in omitting from the verdict director a clause defining a concealed weapon. Instruction MAI–CR 31.28 required the jury to find defendant possessed a concealable firearm. The gist of defendant's plain error contention is that the instruction omitted the prescribed definition:

"As used in this instruction 'concealable firearm' means any firearm with a barrel less than 16 inches in length, measured from the face of the bolt or standing breech."

■ There was no evidence of the concealed weapon's length. That it was concealed in rear of defendant's stomach, invisible to the police, would seem to show the weapon did have a barrel less than sixteen inches long. The defendant correctly argues the instruction erred in omitting the definition. But defendant not having preserved this point at trial, we limit the issue to considering whether omitting the definition from the verdict was plain error. We conclude it was not.

In this we rely on three prior cases, first *State v. Lue*, 598 S.W.2d 133[2] (Mo. banc 1980). The Supreme Court there held that before the plain error rule can be applied

"there must be a sound, substantial manifestation ... a strong, clear showing, that injustice or miscarriage of justice will result..."

In *State v. Johnson*, 537 S.W.2d 816[11, 12] (Mo.App.1976) we held there is plain error only when the failure to instruct caused manifest injustice.

In *State v. Cass*, 614 S.W.2d 784[1, 2] (Mo.App.1981) we held that although instructional omission is error the burden is

on defendant to show it was plain error. We explained:

"Defendant has the burden of showing manifest injustice or miscarriage of justice required for consideration of error under Rule 29.12(b).... Defendant's burden, in this regard, is heavy. ... instructional error is not 'plain error' unless the trial court misdirects the jury or fails to instruct the jury on the law of the case resulting in manifest injustice to the defendant."

The only evidence as to concealment here indicated the weapon was less than sixteen inches long. Accordingly we hold that omitting the prescribed definition did not prejudice defendant. Hence he has not met his burden of showing the omission was prejudicial.

As said, defendant also challenges his misdemeanor conviction for possessing marijuana. This on the ground police testified they had been told by a bystander who would not give his name that defendant had offered to sell him marijuana, this leading police to arresting and searching defendant.

As in *State v. Bellah*, 603 S.W.2d 707[4] (Mo.App.1980), the challenged bystander's statement was admissible to explain the officers' subsequent arrest of defendant. See also *State v. Calmese*, 657 S.W.2d 662[3] (Mo.App.1983). There we held the hearsay rule did not apply when "the statement is not offered for its truth, but rather to explain the subsequent conduct of the person testifying." So it is here.

Affirmed.

KELLY, P.J., and KAROHL, J., concur.