STATE of Missouri,
Plaintiff-Respondent,

v.

Anthony L. JONES,
Defendant-Appellant.

No. 52207.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Mary Elizabeth Dockery, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Terry Allen, Deputy Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant was charged with a Class "C" felony of stealing from a person. Section 570.030 RSMo 1978. He was charged and tried as a prior offender because of a prior plea of guilty to a Class "C" felony. Section 558.016.1 RSMo Cum.Supp.1984. The defendant testified that at the time of the commission of the crime he was at home in bed. The jury found defendant guilty of the charged offense and the court sentenced defendant to a term of three years. Defendant appeals on three grounds. First, defendant claims the identification testimony of the prosecuting witness was tainted by unduly suggestive pretrial procedures. Second, defendant claims the court erred in giving a verdict directing instruction which failed to specify the time of day the alleged offense occurred. Last, defendant claims the court erred in failing to give a requested alibi instruction.

The following evidence offered by the state supports the jury verdict. On March 29, 1985, at approximately 3:20 a.m., Denise Kirby visited a White Castle restaurant in Berkeley, Missouri. She remained in an automobile while her companion, Robert Gobel, entered the restaurant. Gobel there saw three men, one of whom he identified at trial as defendant. The three men left the restaurant and stopped at the car in which Kirby was sitting. The men stood in front of the car for approximately five minutes while attempting to talk with her. They entered a nearby car. They backed up and parked next to her. By her testimony one of the men who had spoken to her earlier, walked up to her car, reached his hand through the window and pulled gold chains from her neck. The three men then drove away.

Kirby immediately reported the events to Mr. Gobel. They pursued without success. However, they saw a Berkeley Police Officer nearby and gave him an oral and written statement about the crime, including a description of the three men.

On May 17, 1985, while at the Brass Rail nightclub in St. Louis with Gobel, Kirby identified the defendant as the man who stole the gold chains from her on March 29, 1985. She reported the identification to a security officer. The security officer confronted defendant. Defendant denied stealing the chains, but when informed that the St. Louis City Police would be called, fled the scene.

Kirby discovered from others at the Brass Rail that the man she identified was Anthony Jones and that he lived in Berkeley, Missouri. The following day Kirby called the Berkeley Police Officer assigned to her case. She told the officer what had occurred the night before and gave the officer defendant's name. Later the same day she was requested to come to the Berkeley Police Station and view some photographs. She considered five photographs of possible suspects. She identified defendant as the man who had stolen the chains from her and who she had seen at the Brass Rail.

On June 5, 1985, Gobel viewed the same five photographs and identified defendant as the man he saw at White Castle on March 29 and at the Brass Rail on May 17. At trial, both Kirby and Gobel identified the defendant as the man they saw at White Castle and at the Brass Rail.

█ Defendant first claims that the identification testimony was a product of unduly suggestive pretrial procedures and should have been stricken. Defendant did not object to any identification testimony at trial. Under these circumstances the issue is not preserved for appellate review. *State v. Thompson,* 695 S.W.2d 154, 156 (Mo.App.1985); *State v. Mayes,* 671 S.W.2d

361, 364 (Mo.App.1984). Our review is limited to one of plain error. Rule 30.20.

■ Before invoking the plain error doctrine defendant must make a strong showing that the trial court error resulted in manifest injustice. *State v. Arnold,* 676 S.W.2d 61, 63 (Mo.App.1984). The appellant bears the burden of showing manifest injustice. *See, State v. Robinson,* 680 S.W.2d 292, 293–294 (Mo.App.1984).

■ For several reasons we reject this claim of error. First, the record does not support defendant's claim that the photographs were unduly suggestive. Defendant claims that the photographs bore the names of the individuals, but the witnesses testified to the contrary.

■ Second, even if a photographic lineup is unduly suggestive it is not error to thereafter admit identification testimony when the identification is otherwise independently reliable. It is the reliability and not the suggestiveness of an identification that supports admissibility. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *State v. Thompson,* 695 S.W.2d 154, 156 (Mo.App.1985). An out-of-court identification procedure that is suggestive does not invalidate a reliable in-court identification. *State v. Littleton,* 649 S.W.2d 225, 227 (Mo. banc 1983).

■ In determining reliability a court must consider: 1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness' degree of attention; 3) the accuracy of the witness' prior identification; 4) the level of certainty demonstrated by the witness at the time of the identification; and, 5) the length of time between the crime and the identification. *State v. Robinson,* 641 S.W.2d 423, 427 (Mo. banc 1982), citing *State v. Charles,* 612 S.W.2d 778, 780 (Mo. banc 1981).

A review of the record indicates that the identification proceedings were not unduly suggestive and that the in-court identification was positive and reliable. Kirby had ample time to view the man who stole her gold chains; her testimony indicates that the man stood outside her car for approximately five minutes. Because of his efforts to engage in a conversation with her she had reason to have made more than a casual observation. Nothing in the record indicates her description shortly after the events was inaccurate. She was sufficiently positive of her identification of the defendant, both at the photo lineup and at trial. The time delay of six weeks between the date of the theft and the identification is of no consequence. As a matter of plain error defendant's first claim of error fails.

■ The court submitted a verdict directing instruction patterned after MAI–CR 2d 24.02.1. Defendant's second claim of error before this court relates to that part of the instruction which informed the jury that in order to make a finding of guilty it must find and believe from the evidence beyond a reasonable doubt "that on or about March 29, 1985, in the County of St. Louis, State of Missouri, the defendant appropriated three (3) gold chains in the possession of Denise Kirby and without her consent." The objection at trial to this instruction was that the state failed to make a submissible case for failure to prove "that the defendant was at the place where he was, at the place she said, on March 29, 1985." This objection was subordinate to defendant's request for an alibi instruction. The prosecuting attorney replied to defendant's objection on the ground that alibi was not noticed as a defense in pretrial discovery. He also recalled defendant's testimony, on cross examination, was equivocal about whether he was at home at the time the crime was committed. Defendant's argument to this court is not based upon an issue of submissibility. The claim of error here is that because of the alibi defense, time of day was significant and the failure in the instruction to state the time nullified defendant's alibi.

We reject this claim of error. First, the instruction followed the pattern of MAI–CR 2d 24.02.1. Under those circumstances we are not authorized, by decision, to alter the approved instructions. *State v. Toney,* 680 S.W.2d 268, 278 (Mo.App.1984).

■ Second, neither the trial court objection nor the motion for new trial claimed

error in the verdict directing instruction for failure to specify the time of day. Our review of this point is therefore limited to a question of plain error. *State v. Mondaine*, 655 S.W.2d 540, 544 (Mo.App.1983). The fact issue was fully developed by opposing testimony which supported and did not deprive the defendant of an argument that he was not on the scene at the time the crime was committed. No manifest unfairness is involved. We find no error plain or otherwise.

■ The difficult issue in the present case is defendant's claim of trial court error in failing to submit a requested alibi instruction patterned after MAI–CR 2d 3.20. The state concedes this was error. This instruction is required when requested providing that it is supported by evidence, even if only by defendant's testimony. It is well settled in Missouri that failing to give a mandated instruction is error. *See, e.g., State v. Ballard*, 657 S.W.2d 302, 310 (Mo.App.1983); *State v. Kimball*, 624 S.W.2d 158, 159 (Mo.App.1981).

However, we are required to determine whether the error was prejudicial. Rule 28.02(e); *State v. Ballard*, 657 S.W.2d at 310; *State v. Hubbard*, 698 S.W.2d 908, 915 (Mo.App.1985). Our review is further limited by the precise claim of error brought by the defendant.

■ Defendant offered an MAI–CR 2d 3.20 alibi instruction. In his motion for new trial defendant claimed trial court error for refusing to submit the instruction because it was supported by the evidence and because the offered instruction correctly stated the applicable law and correctly stated the state's burden of proof. Before this court defendant claims that he testified that on the day and time of the alleged offense he was at home asleep in his bed; that the trial court based its decision on the fact that appellant was the only defense witness and therefore had produced no other alibi witness and refused submission of the offered instruction under the erroneous belief that appellant was required to produce corroborating alibi witnesses to establish an alibi defense. The assigned basis by the trial court for rejecting the instruc-

tion is clearly wrong. The law is otherwise. *State v. Ballard*, 657 S.W.2d 302, 310 (Mo.App.1983).

The question remains whether or not defendant was prejudiced in his trial. Defendant offered the general alibi instruction. MAI–CR 2d 3.20, not the positive submission of MAI–CR 2d 3.22, that defendant was at home in bed at the time the alleged offense was committed.

Recent cases have held that failure to give an alibi instruction was not prejudicial. *See, State v. Romesburg*, 703 S.W.2d 562, 565–566 (Mo.App.1985); *State v. Kimball*, 624 S.W.2d at 159–60. In *Romesburg*, the court concluded that giving an alibi instruction would add nothing more to the defendant's testimony, and omitting the instruction constituted no fundamental unfairness. To find the defendant guilty as the direct actor, the court reasoned, the jury must have found that defendant was at the scene of the crime and rejected the alibi defense offered by the defendant. Absent a specific objection based on distinguishing facts which supports a claim of prejudice we believe the similarity of facts and the conclusion of *Romesburg* decisive.

Counsel for the defense did not contend before the trial court and has not argued here that the absence of the alibi instruction deprived the defendant of the benefit of a statement from the court to the jury on the point of law in an alibi instruction; or, that the absence of the instruction reduced the relative importance of the alibi testimony in the minds of the jury; or, that the absence of the instruction deprived defendant of the opportunity to refer to the instruction to re-enforce closing argument; or, that the absence of the alibi instruction in the jury instructions which were available to the jury during deliberations in some way adversely influenced the jury in its deliberations. No such claims were made before the trial court or on appeal.

We have carefully reviewed the record presented which does *not* include the closing argument of defendant. It is therefore not possible for us to determine that the closing argument was in any way restricted or inhibited by the absence of the re-

quired alibi instruction. We repeat there was no claim at trial or before this court on any specific grounds from which we could determine prejudice.

We recognize that instructional error is presumptively prejudicial. In the posture of the present case, however, we find no prejudice, absent specific assignment. First, we remember that the defense of alibi was not noticed in answer to the state's request for discovery. This also occurred in *State v. Romesburg,* 703 S.W.2d at 565. Although not decisive this is a relevant factor when considering a matter of prejudice. Second, defendant's testimony supporting his defense was before the jury. This evidence supported an argument even without the instruction. We cannot find that no such argument was presented. Third, the required findings under the verdict directing instruction placed defendant at the scene. These findings are not a substitute for the required instruction, but in the present case there were no specific objections or arguments to assign as a basis to find prejudice. In sum, on the record there is no basis to find that the defense of alibi was in any way inhibited.

Finally, defendant's testimony in relation to the defense of alibi was qualified. The defendant acknowledged that on May 27, 1985, he was at the Brass Rail restaurant. He talked to a gentleman about a robbery or necklace. He was wearing a necklace at the Brass Rail and at the time of trial. With regard to the alibi his direct examination testimony was as follows:

"Q. And, Sir, where were you on the night of March 29, 1985?

A. I *assume* I was at home asleep—that's usually where I am—in bed at that time. I was in there. Other than that, I couldn't tell you.

Q. Okay. You *assume* that you were at home?

A. Most definitely." [our emphasis]

On cross-examination defendant testified that on March 29, 1985, he was living with his mother. She lived locally at the time of trial, but did not testify. In contrast the state offered two positive identification witnesses and a fortuitous second meeting of the victim and defendant which led to identification by her.

We hold that on the present charge and on the facts the record does not show that the defendant suffered any prejudice for failure to give MAI–CR 2d 3.20. The jury was required to find and must have found that defendant was at the White Castle restaurant and stole the gold chains. The jury must have found that the defendant was not at home in bed on the occasion of the crime.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.