STATE of Missouri, Respondent,

v.

Benny WILLIAMSON, Appellant.

Benny WILLIAMSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 45671, WD 47671.

Missouri Court of Appeals,
Western District.

June 14, 1994.

Matthew J. O'Connor, Office of the State Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

SMART, Presiding Judge.

Benny Williamson appeals from the trial court's judgment finding him guilty of two counts of distribution of not more than five grams of marijuana, in violation of § 195.211, RSMo 1990. Defendant Williamson was sentenced as a prior offender to two consecutive six-year terms of imprisonment. Williamson also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing.

The evidence presented in the light most favorable to the verdict is as follows: Trisha Campbell worked as an undercover narcotics officer with the Buchanan County Drug Strike Force in November of 1990. On November 16, 1990, Ms. Campbell contacted Donna Jean Kelly, defendant's sister, to purchase marijuana. Ms. Kelly rode with Ms. Campbell to the place where defendant was located, a bar called Pennell's. Ms. Kelly located defendant and Campbell, Kelly and defendant sat in defendant's car discussing the transaction. Defendant opened a brown paper sack and took out four plastic sandwich bags which were "full of [a] greenish-brown leafy substance," later identified as marijuana. Defendant told Ms. Campbell to pick one out. Ms. Campbell paid defendant $35.00 for one of the bags of marijuana.

On November 19, 1990, Ms. Campbell again contacted Ms. Kelly, interested in buying more marijuana. The two women drove to defendant's apartment. Both Campbell and Kelly entered the apartment. Ms. Campbell observed only two individuals in the apartment, defendant and defendant's wife. Ms. Campbell, Ms. Kelly and defendant drove to the intersection of 16th and Francis streets where defendant retrieved a bag full of marijuana. Ms. Campbell again purchased the marijuana for $35.00.

Defendant testified at trial that he was not involved in either of the marijuana sales. He stated that on November 16, he and his wife spent the day together. He had no specific recollection of what they did. He also stated that on November 19, his sister came to his apartment wanting to borrow some money. Defendant's wife loaned her some money. As she was leaving she said she had a friend who wanted to come in the apartment to look at defendant's puppies. Defendant claimed that the woman came in and looked at the puppies and then left his residence. Defendant testified that he did not leave with the two women.

Defendant's wife, LaRae Williamson, testified that she spent November 16 with defendant and that on November 19, she and defendant were in the kitchen with some friends, Scott and Nancy Martin, cooking. Her testimony paralleled defendant's testimony about defendant's sister coming to the

apartment wanting to borrow money, the friend coming in the apartment to look at the puppies, and the two women leaving without defendant.

On October 16, 1991, the jury returned guilty verdicts on both distribution counts and defendant was sentenced as a prior offender to two consecutive six-year terms of imprisonment. On April 17, 1992, defendant filed a Rule 29.15 motion. Included within the motion was an allegation that trial counsel had been ineffective in failing to call Scott and Nancy Martin to testify at trial. Defendant appeals from both the trial court's judgment and the judgment of the motion court.

### Alibi Instructions

First, defendant claims that the trial court erred in refusing defendant's requested alibi instructions patterned after MAI–CR3d 308.04 because the requested alibi instructions were sufficiently supported by the evidence so as to raise a jury question about defendant's presence at the scenes of the charged offenses. Defendant asserts that he was denied his rights to a fair trial and due process of law under the fifth, sixth and fourteenth amendments to the United States Constitution and Article I, §§ 10 and 18(a) of the Missouri Constitution in that the trial court's failure to give the proffered alibi instructions to the jury relieved the State of its burden of proving defendant's presence at the scene, it prevented defendant from directing the jury's attention to evidence supporting his case and it prevented defendant from arguing alibi to the jury.

■ The State argues that defendant did not properly preserve this contention of error for appellate review. In his motion for new trial, defendant stated that:

> The court erred when it refused to give Defendant's proffered instruction "A", based on MAI–CR 308.04, submitting the defense of alibi as to Count I, and Defendant's proffered instruction "B", based on MAI–CR 308.04, submitting the defense of alibi as to Count II, in that the instructions were in the proper form prescribed by MAI–CR 3d, and each was supported by evidence that was sufficient to raise in the minds or [sic] reasonable triers of fact a

reasonable doubt as to Defendant's presence at the time and place the offense alleged in the respective counts was committed. Under Missouri Supreme Court Rule 28.01(a), and MAI–CR 3d, 308 Series instructions must be given, where applicable, when submitted in the proper form by the Defendant. Under the charge and the verdict-directing instruction in each count a conviction depended upon Defendant himself actually making a sale to a cooperating individual at the time and place alleged. Failure to submit an alibi supported by evidence, however weak, under such circumstances is prejudicial error.

Missouri law requires that an averment in a motion for new trial set forth in detail and with particularity the specific grounds for the instruction. *State v. Jay*, 724 S.W.2d 293, 300 (Mo.App.1987). Defendant has completely failed to specify in his motion the evidence which he contends supported a submission of the proffered alibi instruction. *See State v. Sanders*, 541 S.W.2d 530, 532 (Mo. banc 1976); *State v. Cheek*, 413 S.W.2d 231, 238 (Mo.1967). Defendant has not preserved his claim for review and we therefore review defendant's contention only for plain error.

■ Instructional error rarely arises to the level of plain error. *State v. Brokus*, 858 S.W.2d 298, 302 (Mo.App.1993). To show that the trial court plainly erred in refusing to give an instruction, defendant must show that the jury was misdirected in a way that caused manifest injustice or a miscarriage of justice. *Id.* The determination of plain error depends upon the facts and circumstances of each case. *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991).

■ The premise behind an alibi instruction is that defendant was not at the place where the crime was committed. *State v. Poe*, 857 S.W.2d 419, 422 (Mo.App.1993). The trial court is required to give an alibi instruction if it is requested by defendant and is supported by the evidence. *Id.* "No alibi instruction will be given unless there is supportive evidence that defendant was somewhere other than the place of commission, during the entire time of commission."

*Id.* (emphasis in original). The evidence must be sufficient to create a reasonable doubt in the average juror's mind as to defendant's presence at the scene of the crime. *Id.*

■ In this case, no substantial evidence was presented to support an instruction on alibi. When questioned about the first marijuana sale on November 16, 1990, neither defendant nor his wife could recall what they did that day. Both testified only that they spent the day together. Defendant simply denied selling the marijuana to Ms. Campbell and he denied being at the location of the sale. However, he could not state where he was at the time of the sale. He testified that his wife was off work that day and that they generally spent the day together when she had a day off. Defendant's wife also failed to recall what they did on that day. She stated that on her days off, they usually went to Kansas City or to her mother's apartment. Neither party was able to say where defendant was on November 16, 1990. Apart from defendant's bare assertion that he was not present at the time of any drug sale, the record is completely lacking in evidence of alibi as to the alleged November 16 incident. Thus, the evidence did not support an alibi instruction.

■ Defendant also denied any participation in the second drug sale. Defendant and his wife both testified that defendant did not leave his apartment with Ms. Campbell and his sister and that defendant and his wife ate dinner in their apartment with some friends. Neither testified that defendant was not present at the intersection of 16th and Francis on November 19, 1990 when the sale occurred. It is extremely questionable whether the defense evidence supported an alibi instruction as to the November 19 charge. An alibi, as an item of evidence, stands separate from defendant's bare denial that he committed the alleged offense. An alibi is additional substantive evidence, above

and beyond the accused's bare denial of guilt, relying for its weight on the credibility of other persons, or on circumstantial evidence, designed to establish that defendant *could not* have committed the offense in question. In this case, an alibi instruction would have been inconsequential. Either the jury believed the prosecution evidence, or it did not. The only thing resembling an alibi in this case is the testimony of defendant's wife that defendant did not leave his house on the 19th.[1] Since the prosecution evidence was that he left the house with Ms. Kelly and Ms. Campbell, and went to 16th and Francis, where the transaction took place, we could consider Mrs. Williamson's testimony to be an alibi. However, even if the failure to give the instruction as to the November 19 drug sale was error, it was harmless error. The issue for the jury to resolve was whether to believe the prosecution testimony or to believe the defense testimony as to whether defendant committed the offense. An alibi instruction would have made no difference. Thus, the trial court did not err in failing to submit the alibi instructions. Point I is denied.

### Failure to Call Witnesses

Next, defendant contends that the motion court clearly erred in denying defendant's motion to vacate, set aside, and correct judgment and sentence because defendant was denied his right to effective assistance of counsel as guaranteed by the sixth and fourteenth amendments to the United States Constitution and Article I, § 18(a) of the Missouri Constitution, in that defendant's trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise by failing to make reasonable efforts to secure the testimony of defendant's alibi witnesses, Scott and Nancy Martin, whose testimony would have presented a viable defense for defendant. If the Martins would have testified at

---

1. Apparently, it did not even occur to defendant and his counsel until the time of submission that this testimony might amount to an alibi, because the defense did not give notice of intent to rely on alibi defense in response to the State's discovery request. Since technically, the failure to give such notice gives the court the authority to ex-

clude the alibi testimony, it is arguable that the failure to give such notice should militate against finding error to give an alibi instruction. We find it unnecessary, however, to reach that issue in this case since we decide the issue on other grounds.

trial, defendant suggests, there is a reasonable probability that defendant would have been acquitted.

Appellate review of the denial of a Rule 29.15 motion is confined to the issue of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. *State v. Anderson*, 785 S.W.2d 596, 600 (Mo.App.1990). The motion court's determination is clearly erroneous only if after reviewing the entire record, the appellate court has a definite and firm impression that a mistake has been made. *Id.*

To establish ineffective assistance of counsel, defendant must satisfy the *Strickland* two-prong test, showing (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances, and (2) that defendant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Review begins with the presumption that counsel is competent and movant has the "heavy burden" of proving counsel's ineffectiveness by a preponderance of the evidence. *Amrine v. State*, 785 S.W.2d 531, 534 (Mo. banc 1990), *cert. denied*, 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990). Finally, appellant must show that a different outcome would have resulted but for counsel's errors in order to show that he was prejudiced by such errors. *Sanders v. State*, 738 S.W.2d 856, 860–61 (Mo. banc 1987).

It is also important to note that ineffective assistance of counsel claims relating to "trial strategy" do not provide a basis for post-conviction relief. *Rainwater v. State*, 770 S.W.2d 368, 370 (Mo.App.1989). Counsel is vested with wide latitude in defending a client and should use his or her best judgment in matters regarding trial strategy. *Stuckey v. State*, 756 S.W.2d 587, 593 (Mo. App.1988). Additionally, courts reviewing such claims should refrain from employing hindsight when reviewing counsel's conduct at trial. *State v. Lewis*, 785 S.W.2d 656, 660 (Mo.App.1990).

To establish that counsel was ineffective for failing to call witnesses at trial, defendant must show that counsel's failure to call the witnesses was something other than reasonable trial strategy, that the witnesses could have been located through reasonable investigation, that the witnesses would have testified if called, and that the witnesses' testimony would have provided defendant with a viable defense. *State v. Walden*, 861 S.W.2d 182, 186 (Mo.App.1993).

Immediately following defendant's trial, the trial court asked defendant the following questions:

Q. When Mr. Bunch took over your case, and that was up here in the circuit court, has he done everything you asked him to do in your case?

A. Yes, sir.

Q. Do you feel that he satisfactorily investigated this case on your behalf?

A. Yes, sir.

Q. Were there any witnesses or individuals that you asked him to contact for you which he did not contact?

A. No, sir.

Q. And are you completely satisfied with the advice and help he gave you, independent of whether or not you are satisfied with the outcome of this case?

A. Yes, sir.

Q. Is there anything more that you wanted him to do which he did not do in your case?

A. No, sir.

The trial court then stated:

All right; the record will show that the defendant, having appeared at the conclusion of final sentencing, having been advised of his right to proceed under Supreme Court Rule 29.15, and having been sworn and examined by the Court on the record as to the assistance of counsel by defendant, the Court now finds no probable cause of ineffective assistance of counsel exist [sic].

At the Rule 29.15 hearing, defendant testified that the Martins would have testified that he "never left the house" on November 19, 1990, the date of the second marijua-

na sale. Defendant admitted in his Rule 29.15 motion that the Martins were unavailable to testify on the day of defendant's trial. Defendant's counsel, Willard Bunch, also testified at the evidentiary hearing on the motion. Bunch testified that the Martins, who lived in Colorado, were friends of defendant and his wife and that defendant had indicated that he would make them available to testify without counsel having to resort to the "Interstate Compact." Defendant failed to produce the Martins to testify at either trial or postconviction hearing. Defendant told Mr. Bunch that he would make the Martins available to him. Counsel is justified in relying on defendant's efforts in securing a witness' attendance at trial. *See Baker v. State,* 670 S.W.2d 597, 598 (Mo.App.1984). At the postconviction hearing, defendant merely stated that the Martins would have testified that defendant did not leave the apartment. No testimony was presented by the Martins, nor even an affidavit. Defendant did not carry his burden of producing the Martins at the evidentiary hearing to show that they were available at the time of trial and that their testimony would have provided a viable defense. Defendant's unsupported conclusions as to the anticipated testimony of the Martins was insufficient to meet his burden of proof on this issue. Furthermore, defendant told the trial court following his conviction that he was completely satisfied with counsel's representation. Nothing in the record shows that the Martins were available to testify or that they would have provided defendant with a viable defense. Thus, the motion court's findings of fact and conclusions of law are not clearly erroneous. Point II is denied.

The judgment of conviction is affirmed. The judgment denying the post-conviction motion is also affirmed.

All concur.