**STATE of Missouri, Plaintiff–Respondent,**

v.

**James Darren RICKMAN, Defendant–Appellant.**

No. 20375.

Missouri Court of Appeals,
Southern District,
Division One.

April 19, 1996.

**616**

Ellen H. Flottman, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kurt U. Schaefer, Asst. Attorney General, Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

James Darren Rickman (Defendant) was sentenced, as a prior and persistent offender, to life imprisonment plus 120 years following his jury conviction for first degree burglary (§ 569.160),[1] first degree assault (§ 565.050), first degree robbery (§ 569.020), and three counts of armed criminal action (§ 571.015). On this appeal he contends that the trial court erred in failing to give his tendered alibi instruction (MAI–CR 3d 308.04).

On March 21, 1994, at approximately 6:15 a.m., a man wearing a ski mask forcibly entered the home of Roger and Sue Hamm in Stotts City, Missouri, and asked Roger "where the dope was." When Roger replied that he had no "dope," the man hit him in the head, temporarily knocking him unconscious. Sue Hamm came into the room where she saw the man, whom she identified as Defendant, pointing a gun at Roger. According to her, the man had the ski mask up above his eyes, but pulled it down over his face when he saw her. When she tried to get away, the

man caught her, pointed the gun at her head and repeated his question about the "dope."

According to Roger, the man returned to him several times, kicking and hitting him. Periodically, the man would look for Sue, who was hiding under a bed, saying "where you at, bitch?" At one point, the man said that if Sue did not come out he would blow Roger's head off. Eventually, the man fired two shots, one into the floor near Roger's hand and one into the wall above his head. During these events, Roger heard another gun being fired outside and a motor revving. Before leaving the house, the man took a wallet from Sue's purse which contained her credit cards.

When the man left, the Hamms reported the theft of Sue's credit cards. Defendant was arrested later that day when he attempted to use one of the credit cards at a Joplin hardware store. Defendant's brother, Mark Rickman, was also arrested while waiting in a vehicle outside the hardware store. Two guns were found when the vehicle was searched.

Both Defendant and Mark Rickman were charged in the attack on the Hamms. Mark Rickman entered an Alford plea to charges stemming from the incident at the Hamm residence. He testified at Defendant's trial that he and Dennis Mackey, who died prior to trial, had committed the attack on the Hamms in an attempt to steal marijuana from them, and that Defendant was not involved. He stated that when he left his home in Nevada, Missouri at 4:00 a.m. on the morning of March 21, 1994, Defendant was asleep on the floor, and that he was also there when Mark returned after being at the Hamms' home.

Defendant does not challenge the sufficiency of the evidence. His sole point on appeal alleges that the trial court erred in refusing to instruct the jury on the defense of alibi as submitted in his proposed instruction. The alibi instruction tendered by Defendant was patterned after MAI–CR 3d 308.04. Defendant claims that his right to due process was violated because the jury could have reasonably found from the evidence that Defendant

---

1. All references to statutes are to RSMo 1994, and all references to rules are to Missouri Rules of Criminal Procedure (1994), unless otherwise noted.

was not present at the Hamm residence on the morning of the offense.

■ The State contends that we are limited to a plain error review of this point because Defendant's claim was not properly preserved in that Defendant's motion for new trial did not contain the specific evidence he contends required the giving of such instruction. Rule 29.11(d) states that a general statement in a motion for new trial of any allegation of error is sufficient where definite objections or requests, including specific objections to instructions, were made during the trial. Further, Rule 28.03 states that "specific objections to given or refused instructions ... shall be required in motions for new trial unless made on the record at the time of trial."

The record reflects that Defendant's counsel specifically objected at trial to the court's refusal to give the proposed alibi instruction. At that time, Defendant argued that the testimony of Mark Rickman, which indicated that Defendant was not present at the scene of the crimes, was sufficient to require the trial court to give the instruction. Thus, the above rules require only that Defendant generally allege error in his motion for new trial. *See State v. Ford,* 906 S.W.2d 761, 766 (Mo. App.W.D.1995). Defendant did so; therefore, this error was properly preserved for appeal.

■ A defendant is entitled to an instruction on any theory of his case which tends to be established by the evidence. *State v. Jones,* 627 S.W.2d 322, 323 (Mo.App. W.D.1982). The sufficiency of evidence warranting submission of an instruction on alibi is a question of law for the court. *State v. Franklin,* 591 S.W.2d 12, 14 (Mo.App.E.D. 1979).

■ In this case, although Defendant did not testify, he offered the testimony of his brother, Mark Rickman, who testified that he and a friend committed the crimes in question, and that Defendant was not present. He also offered the only positive evidence concerning Defendant's whereabouts at the time of the crimes by testifying that Defendant was asleep on the floor when he left his home in Nevada, Missouri at 4:00 a.m., over two hours before the events at the Hamms' home, and that he was there when he returned. This testimony fails to account for Defendant's whereabouts at the time the crimes were committed.

Some cases have indicated that positive evidence concerning the location of the defendant at the time the crime was being committed is necessary to support an alibi instruction. *See State v. Williamson,* 877 S.W.2d 258, 261 (Mo.App.W.D.1994) (holding that no alibi instruction was required where the defendant's evidence did not indicate where he was at the time of the crime, even though his evidence included a denial that he was present at the time of the crime); *State v. Hall,* 761 S.W.2d 691, 693 (Mo.App.E.D. 1988) (the court noted, in holding that an alibi instruction was not required, that the evidence did not place the defendant at some other location at the time of the crime); *State v. Wood,* 613 S.W.2d 898, 901 (Mo.App. W.D.1981) (the court held that an alibi instruction was not required, noting there was no evidence to show the defendant's whereabouts when the crime occurred); *State v. Franklin,* 591 S.W.2d at 14 (the court indicated an alibi instruction was not required where the defendant offered no evidence concerning his whereabouts at the time the crime was committed, even though one witness, who was present during the crime, testified she had never seen him before).

■ The premise of an alibi instruction, however, is that the defendant was not at the place where the offense was committed. *State v. Williamson,* 877 S.W.2d at 260; *State v. Poe,* 857 S.W.2d 419, 422 (Mo.App. E.D.1993); *State v. Reese,* 787 S.W.2d 768, 773 (Mo.App.W.D.1990). An alibi instruction will not be given unless there is supportive evidence that the defendant was somewhere other than the place of the crime during the entire time it was being committed. *State v. Williamson,* 877 S.W.2d at 260–61; *State v. Poe,* 857 S.W.2d at 422; *State v. Reese,* 787 S.W.2d at 773; *State v. Hall,* 761 S.W.2d at 693. The evidence must be sufficient to create a reasonable doubt in the average juror's mind as to defendant's presence at the scene. *State v. Hall,* 761 S.W.2d at 693.

This is consistent with the fact that there are two different forms of approved alibi instructions, MAI–CR 3d 308.04 and 308.06. Instruction 308.04 is a general instruction that does not posit the defendant's presence at any other particular place during the commission of the offense. Rather, it refers to whether the defendant was present at the time and place of the crime. *See State v. Kimball*, 624 S.W.2d 158, 159 (Mo.App.S.D. 1981) (referring to MAI–CR 2d 3.20, the predecessor to MAI–CR 3d 308.04). However, Instruction 308.06 specifically submits the issue of whether the defendant was at a specific place other than the scene of the crime. It has been said that the prior version of 308.06 (MAI–CR 2d 3.22) was for the purpose of permitting a defendant to choose an instruction designating a specific place and to take the risk of proving that he was at that other place when the crime was committed. *State v. McGee*, 602 S.W.2d 709, 712 (Mo.App.E.D.1980), *aff'd*, 619 S.W.2d 70, 71 (Mo. banc 1981).

Under the circumstances of the instant case, there was evidence which, if believed, would have demonstrated that Defendant was not at the scene of the crimes when they were committed. In fact, the trial court, in overruling the motion for new trial, commented that it was probable that error had been committed in failing to give MAI–CR 3d 308.04 because there was evidence that Defendant was not at the Hamm residence when the crimes were committed.

■ Even if Defendant was entitled to an alibi instruction in the form of MAI–CR 3d 308.04 in the instant case, however, a reversal will not occur unless the instructional error was prejudicial. *See* Rule 28.02(f); *State v. Poe*, 857 S.W.2d at 423; *State v. Kimball*, 624 S.W.2d at 159. Prejudice is defined as "the potential for misleading or confusing the jury." *State v. Green*, 812 S.W.2d 779, 787 (Mo.App.W.D.1991). In determining prejudice, we must consider all of the facts and instructions together. *State v. Kimball*, 624 S.W.2d at 159.

■ In the instant case, Defendant did not contend at trial that the failure to give the requested instruction would be prejudicial. In his motion for new trial, he generally alleged that the court "erred to Defendant's prejudice" in failing to give the requested instruction because there was evidence that he was not present at the crime scene. Likewise, he does not claim here that the failure to give the instruction had any particular prejudicial effect. The lack of such contention can be considered in determining whether the failure to give an alibi instruction was reversible error. *See State v. Jones*, 735 S.W.2d 87, 91 (Mo.App.E.D.1987).

The trial court noted, in concluding that no prejudice had resulted from the failure to give the alibi instruction, that the jury heard the evidence that Defendant was not present at the scene, and Defendant discussed that evidence in his closing argument. It also noted that under the verdict directing instructions the jury was required to find that Defendant was present at the scene in order to convict him. These factors have been considered by other courts in finding a lack of prejudice resulting from the failure to give an alibi instruction. *See State v. Jones*, 735 S.W.2d at 91; *State v. Romesburg*, 703 S.W.2d 562, 565 (Mo.App.W.D.1985). As indicated in *State v. Reynolds*, 517 S.W.2d 182, 184 (Mo.App.E.D.1974), a verdict directing instruction requiring the jury to find beyond a reasonable doubt that the defendant was present at the scene of the crime may result in a finding that the failure to give an alibi instruction, while error, was not reversibly erroneous. *See also State v. Kimball*, 624 S.W.2d at 159–60.

The trial court, in overruling the motion for new trial, also referred to the fact that there had been no disclosure of an intent to rely on an alibi defense. While Rule 25.16 does not specifically list refusal of an alibi instruction as a sanction for nondisclosure, it allows the court to "enter such other orders as it deems just under the circumstances." It has been suggested that the failure to disclose an intent to rely on an alibi may be a relevant factor in deciding whether prejudice resulted from the refusal to give an alibi instruction. *See State v. Williamson*, 877 S.W.2d at 261, n. 1; *State v. Jones*, 735 S.W.2d at 91; *State v. Romesburg*, 703 S.W.2d at 565.

We also note that the State objected at trial that Mark Rickman's testimony amounted to alibi evidence although there had been no disclosure of an intent to rely on that defense. Defendant, however, denied that such evidence amounted to an alibi because it did not place him at a specific location other than the crime scene during the commission of the offenses charged. This position is contrary to that later taken by Defendant, not only when the subject instruction was offered, but also in his motion for new trial and on this appeal.

Under the circumstances of this particular case, the failure to give the alibi instruction was not prejudicial. Defendant's point is denied. The conviction is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.