**Ivan N. RELIFORD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 85781.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 6, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 24, 2006.

Application for Transfer Denied
April 11, 2006.

Gwenda R. Robinson, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Ivan Reliford ("Movant") appeals the judgment of the Circuit Court of St. Louis County denying his Rule 29.15 Motion for Post–Conviction Relief. In his appeal, Movant contends that the motion court erred when, without an evidentiary hearing, it refused to find trial counsel ineffective for failing to: (1) offer an alibi instruction; and (2) investigate and present a witness to impeach the victim with prior inconsistent statements. We affirm in part and reverse and remand in part.

### Statement of the Facts and Proceedings Below

On February 24, 2000, Janeka Hills was cooking dinner in her home when a friend, George Campbell, stopped by for a visit. Ms. Hills suggested that Mr. Campbell go to buy some beer. Mr. Campbell returned with the beer and was accompanied by Movant, a mutual acquaintance of both Ms. Hills and Mr. Campbell. Ms. Hills, Mr. Campbell and Movant talked, watched television and drank beer. Eventually, Mr. Campbell and Movant left Ms. Hills' home and Ms. Hills decided to take a shower.

As she undressed, Ms. Hills heard a knock at the kitchen door. Ms. Hills put on a robe and answered the door. At the door, Ms. Hills found Movant who requested to use her bathroom. Although she initially refused, Movant persisted and Ms. Hills eventually acquiesced. Before let-

ting Movant inside her home, however, Ms. Hills went to her bedroom and put on a dress. Once inside, Movant used the bathroom while Ms. Hills waited near the bathroom door for Movant to finish.

When Movant exited the bathroom he approached Ms. Hills, drew a handgun from his jogging pants and demanded sex. Ms. Hills fought off Movant by kneeing him in the groin, kicking him in the arm and eventually disarming him. Ms. Hills then grabbed Movant by the testicles, pushed him away and ran toward the front door. Movant chased Ms. Hills, grabbed her from behind and held a knife to her throat. Movant threatened, "If you don't do what I ask you, I'm going to kill you." Scared, Ms. Hills replied, "Go ahead and do what you got to do." As a result, Movant threw the knife away and had sex with Ms. Hills. After Movant ejaculated, Ms. Hills pushed him off of her and ran out the door into the street yelling.

Outside a man named Johnny Wilson grabbed Ms. Hills and asked her what happened. Ms. Hills explained that a man with a gun raped her. Mr. Wilson escorted Ms. Hills into his apartment and they called the police to report the incident. When the police arrived, they noticed Ms. Hills suffered minor cuts and bruises. Ms. Hills explained what happened and went with police back to her apartment. Although police did not find Movant or anyone else in the apartment, they did discover Ms. Hills' apartment in disarray.

Thereafter, Ms. Hills went to the hospital where medical personnel conducted a sexual assault examination. A criminalist with the Highway Patrol Lab determined that the sperm found on Ms. Hills' dress was consistent with Movant's DNA.

Police arrested and charged Movant with forcible rape and armed criminal action. Prior to trial, Movant's counsel filed a Notice of Intent to Rely on the Defense of Alibi. At trial, Movant testified that he sold drugs to Ms. Hills and occasionally, Ms. Hills traded sex for drugs. Movant further testified that he received a sexual favor from Ms. Hills on February 16, 2000 in exchange for drugs. Movant alleged that he did not see Ms. Hills after February 16, 2000 and he was nowhere near Ms. Hills' home on February 24, 2000, the date of the alleged rape. Movant likewise testified that on the morning of February 25, 2000, he walked to his parents' home in Northwoods. At trial, Movant also contended that Ms. Hills lied to protect the identity of the actual perpetrator. In his closing, trial counsel argued, among other things, that Movant was not at Ms. Hills' home on the date of the incident.

At the close of all evidence, a jury convicted Movant of forcible rape and acquitted Movant of armed criminal action. The court sentenced Movant to thirty years imprisonment. We affirmed Movant's conviction and sentence. *State v. Reliford*, 126 S.W.3d 780 (Mo.App. E.D.2004).

Movant filed a Rule 29.15 Motion for Post–Conviction Relief and appointed counsel filed an Amended Rule 29.15 Motion for Post–Conviction Relief and request for an evidentiary hearing alleging, *inter alia*, that trial counsel was ineffective in failing to request an alibi instruction and investigate and call Mr. Wilson to testify about Ms. Hills' prior inconsistent statement that an ex-boyfriend or an exhusband assaulted her. The motion court denied Movant's Amended Rule 29.15 Motion, without an evidentiary hearing. This appeal followed.

### *Standard of Review*

 Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of

law are clearly erroneous. *State v. Clay*, 975 S.W.2d 121, 140 (Mo.banc 1998). The motion court's findings of fact and conclusions of law are clearly erroneous when our review of the record leaves the definite and firm impression that a mistake has been made. *Id.*

### Analysis

In his first point, Movant alleges that the motion court erred when it denied his request for an evidentiary hearing and refused to find that he was prejudiced by counsel's failure to offer an alibi instruction on the basis of Movant's testimony that: (1) he did not see Ms. Hills after having sex with her on February 16, 2000; (2) on February 24, 2000, he was nowhere near Ms. Hills' home where the rape occurred; and (3) on the morning of February 25, 2000, he walked to his parents' home in Northwoods.

In order to prevail on his claims of ineffective assistance of counsel, Movant must allege facts, not conclusively refuted by the record, demonstrating that: (1) counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) Movant was prejudiced by counsel's poor performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Satisfaction of the first prong of the *Strickland* test requires Movant to overcome a presumption that the challenged action constituted sound trial strategy. *State v. Hall*, 982 S.W.2d 675, 680 (Mo.banc 1998). The second *Strickland* prong necessitates that Movant "show a reasonably probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.*

The State asserts that there is no basis for a finding of ineffective assistance of counsel for failure to submit an alibi instruction because "a long line of cases from this court hold that the non-submission of an alibi instruction doesn't prejudice a defendant." However, all but one of the cases cited in support of the State's contention involve direct appeals considering whether the trial court erred in refusing to submit an alibi instruction. Although the issue of failure to request submission of an alibi instruction as a basis for ineffective assistance of counsel was considered in *McClain v. State*, 560 S.W.2d 894 (Mo.App.Spring.1978), the trial court, unlike here, held an evidentiary hearing.

A movant is entitled to an evidentiary hearing on his motion for post-conviction relief if: (1) the movant alleged facts, rather than conclusions, warranting relief; (2) the facts alleged raise matters not conclusively refuted by the files and record; and (3) the matters complained resulted in prejudice to Movant. *Brooks v. State*, 51 S.W.3d 909, 913–14 (Mo.App. W.D.2001). "An evidentiary hearing may only be denied when the record *conclusively* shows that the movant is not entitled to relief." *Wilkes v. State*, 82 S.W.3d 925, 928 (Mo.banc 2002) (emphasis in original).

It is well-established that "an alibi instruction will not be given unless there is supportive evidence that the defendant was somewhere other than the place of the crime during the entire time it was being committed." *State v. Rickman*, 920 S.W.2d 615, 617 (Mo.App. S.D.1996) citing *State v. Williamson*, 877 S.W.2d 258, 261 (Mo.App. W.D.1994). To warrant an alibi instruction, the evidence must create reasonable doubt as to the defendant's presence at the crime scene. *Rickman*, 920 S.W.2d at 617. "While the sufficiency of the evidence depends on the particular facts of each case, it is generally held that [defendant's] testimony alone is sufficient to support an instruction on alibi." *State*

*v. Franklin,* 591 S.W.2d 12, 14 (Mo.App. E.D.1979).

Our review of the record reveals that Movant adequately pleaded factual allegations demonstrating a question regarding trial counsel's effectiveness in failing to request an alibi instruction. Specifically, Movant alleged in his Amended Motion that:

> [t]he State charged that Movant committed the crimes of forcible rape and armed criminal action on February 25, 2000 at approximately 1:00 a.m. to 1:47 a.m. The jury was instructed in accordance with the charge and was instructed to find Movant guilty if it found from the evidence beyond a reasonable doubt, that 'on or about February 25, 2000,' Movant committed the charged crimes against [Ms.] Hills.

Movant further alleged that trial counsel's actions did not constitute reasonable trial strategy because Movant:

> filed a notice of intent to rely on alibi and testified in support of his alibi defense. Movant testified he was nowhere near [Ms.] Hills' home on February 24, 2000, and that on February 24, 2000 at 1:45 a.m., he 'was walking over towards (sic) [his] mother and father's house' which was located in Northwoods[.]
>
> Under these circumstances, reasonably competent counsel would have requested an alibi instruction because Movant's testimony alone supported such a request.

Additionally, Movant alleged that he suffered prejudice as a result of trial counsel's ineffectiveness. Specifically, Movant alleged:

> ... There was a reasonable probability that jurors, who had been properly instructed to consider Movant's alibi defense in deliberating Movant's guilt, would have believed that Movant's testimony about his whereabouts on Febru-

ary 24, 2000 provided Movant with a complete alibi defense for the date of "on or about February 25, 2000," and would have acquitted Movant of forcible rape.

Although we will not opine on the probable success of the allegations contained in Movant's Amended Motion, we believe that, in light of the foregoing, Movant raised sufficient allegations to warrant an evidentiary hearing on the issue of whether trial counsel was deficient for failing to request an alibi instruction. Point granted.

In his second point, Movant alleges that the motion court erred when it denied his request for an evidentiary hearing and refused to find trial counsel ineffective for failing to investigate and present the testimony of Mr. Wilson, a witness who could impeach Ms. Hills' testimony with prior inconsistent statements. Specifically, Movant asserts that there is a reasonable probability that Mr. Wilson's testimony would have given rise to reasonable doubt regarding Movant's guilt.

As general matter, we note that the selection of witnesses is a matter of trial strategy and is therefore not a foundation for a finding of ineffective assistance of counsel. *State v. Fox,* 916 S.W.2d 356, 363 (Mo.App. E.D.1996). To establish ineffective assistance of counsel based on trial counsel's failure to investigate potential witnesses, Movant needed to demonstrate that the witnesses in question: (1) could have been located through reasonable investigation; (2) would have testified if called; and (3) would have provided a viable defense for Movant. *State v. Dunn,* 889 S.W.2d 65, 76 (Mo.App. E.D.1994). Likewise, a movant is entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to call a witness to testify if the movant's post-

conviction motion adequately alleged "(1) that the witness could have been located through a reasonable investigation, (2) what the witness would have testified to if called, and (3) that the witness's testimony would have provided a viable defense." *White v. State*, 939 S.W.2d 887, 899 (Mo. banc 1997).

Here, the record refutes Movant's allegation that trial counsel failed to adequately investigate Mr. Wilson as a potential witness. To the contrary, the record indicates that, despite trial counsel's repeated contact with him, Ms. Wilson refused to testify if called. Indeed, Movant admits in his Amended Motion that trial counsel "knew about the existence and whereabouts of defense witness [Mr.] Wilson before Movant's trial and trial counsel had even formally endorsed [Mr.] Wilson as a defense witness, as [Mr.] Wilson's testimony was expected to be both material and relevant to Movant's defense."

Additionally, the record reflects that trial counsel attempted, unsuccessfully, to persuade Mr. Wilson to testify at trial. To that end, at the bench, trial counsel explained to the trial judge, "Your Honor, we had endorsed [Mr.] Wilson. And we were wishing to have him testify. We've been in contact with him, but Mr. Wilson is being somewhat uncooperative. It's my understanding he has a number of warrants out for his arrest, and is refusing to appear in court. And we've apparently never obtained service on him."[1] Accordingly, even in the absence of an evidentiary hearing, the record contains sufficient evidence to support the motion court's denial of Movant's claim of ineffective assistance for failing to investigate and call Mr. Wilson to testify at trial. Point denied.

1. Notably, trial counsel then sought a continuance so as to give him additional time to locate and serve Mr. Wilson. However, the

### Conclusion

The judgment of the motion court is affirmed in part and reversed in part. The cause is remanded for an evidentiary hearing on Movant's claim that trial counsel was ineffective for failing to request an alibi instruction.

MARY K. HOFF, P.J., and CLIFFORD H. AHRENS, J., Concur.

trial court denied trial counsel's request for a continuance.